UNITED STATES DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FONZ INC.,

                        Plaintiff,

     -against-

THE CITY BAKERY, LLC, CITY BAKERY
BRANDS, LLC, MAURYBAKES, LLC and
MAURY RUBIN,

                      Defendants.
-----------------------------------------------------------------X

Index No. 19-cv-10854

**COMPLAINT**

Plaintiff Fonz Inc. ("Plaintiff" or "Fonz"), by its attorneys Offit Kurman P.A., for its complaint against defendants City Bakery Brands, LLC ("CBB"), The City Bakery, LLC ("TCB"), Maurybakes, LLC ("Maurybakes") and Maury Rubin ("Rubin," and together with TCB, Maurybakes and CBB the "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for breach of contract, breach of guarantees and foreclosure of security interest against Defendants based on a secured promissory note and guarantees made by Defendants. As set forth in greater detail below, Fonz provided secured financing pursuant to a series of promissory notes to TCB and CBB starting in July 2018 and CBB, Maurybakes, LLC and Maury Rubin guaranteed the obligations under the promissory notes. After the Defendants failed to repay the loans, the 2018 notes were exchanged for one consolidated note issued by CBB and guaranteed by the other Defendants. Instead of repaying their debts in June 2019, as agreed, the Defendants sought another loan to cover their operating expenses. Despite Plaintiff's effort to reach a consensual resolution, the defendants refused to engage in good faith negotiations, leaving Fonz no other choice but to seek a judicial foreclosure.

## THE PARTIES

2.      Plaintiff is a joint stock corporation duly organized under the laws of Japan, with a principal office at Rosa Takanwa 1F, Takanawa 4-9-18, Minato-ku, Tokyo 108-0074, Japan. Plaintiff operates a number of restaurants in Japan, including multiple "City Bakery"-branded cafes. Plaintiff has the right to use the City Bakery trademark in Japan pursuant to a license arrangement. In 2019, an affiliate of Fonz located in Singapore acquired the trademark from CBB and sublicenses the Japanese trademark to Plaintiff.

3.      Defendant TCB is a limited liability company, duly organized under the laws of New York, with a principal office at 3 West 18th Street, New York, New York 10011. TCB is wholly owned by defendant CBB.

4.      Defendant Maurybakes is a limited liability company, duly organized under the laws of New York, with a principal office at 3 West 18th Street, New York, New York 10011. Maurybakes is wholly owned by defendant CBB.

5.      Defendant CBB is a limited liability company, duly organized under the laws of New York, with a principal office at 3 West 18th Street, New York, New York 10011.

6.      Defendant Rubin is a natural person and a resident of the State of New York with a place of residence in New York City, New York County. Defendant Rubin is the Manager of each of CBB and TCB and an approximately one-third beneficial owner of CBB.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction on the basis of diversity of citizenship, and because the damages exceed the sum of $75,000 pursuant to 28 U.S.C. §1332(a).

8.      Venue is appropriate pursuant to §1391(b)(1) because CBB and TCB's principal places of business and defendant Rubin's residence are all in New York City, New York

County. Defendants also consented to this forum for resolution of all disputes arising out of the promissory notes.

## BACKGROUND AND FACTS

9. Upon a request from Rubin, on or about July 13, 2018, Fonz provided a $200,000 loan to TCB pursuant to a Promissory Note, dated as of July 13, 2018 (the "July Promissory Note"). The Note provided that interest shall be accrued on the unpaid principal balance at the rate of fifteen percent (15%) per annum. The entire principal balance and interest accrued and outstanding under the Note were due and payable on September 30, 2018.

10. To secure the performance of the obligations pursuant to the July Promissory Note, Plaintiff and TCB and CBB entered into a security agreement granting to Fonz a security interest in all trademarks and service marks owned or controlled by TCB and CBB (the "July Security Agreement"). The July Security Agreement provided that it secures the prompt and full performance and payment of all of the indebtedness, obligations, liabilities, and undertakings of TCB and CBB, existing at the time or arising after the execution, including all interest, fees (including attorney's fees), cost and expenses that TCB and CBB are required to pay and perform pursuant to the July Promissory Note, or any other document in connection therewith.

11. CBB and Rubin guaranteed the loan under the July Promissory Note by executing a Guaranty, dated as of July 13, 2018 (the "July 2018 Guaranty"). Pursuant to the July 2018i Guaranty, CBB and Rubin jointly and severally guaranteed absolutely, unconditionally and irrevocably as primary obligors the full and punctual payments and performance of the obligations under the July Promissory Note.

12. The purpose of the loan was to provide working capital to and to allow TCB to repay all indebtedness to various lenders who provided short-term secured financing to TCB

pursuant to several factoring agreements. Plaintiff agreed to extend the loan with the understanding that TCB would not enter or renew any financing under the factoring agreements. Under the July Promissory Note, TCB was required not to (i) incur, create, or assume any new debt following the execution of the Note; or (ii) incur, create, assume or suffer to exist any lien on any of its property or assets that are subject to the July Security Agreement.

13. Rubin requested additional advances under the existing terms and conditions. On or about August 29, 2018, Fonz provided an additional $100,000 loan to TCB again with the goal to allow TCB to repay its factoring financing and eliminate debt that came at a very high price for the company.

14. Additional credit was extended with the same purpose on or about October 3, 2018, when Fonz provided an additional $100,000 loan to TCB. The promissory note provided that interest shall be accrued on the unpaid principal balance at the rate of fifteen percent (15%) per annum. The entire principal balance and interest accrued and outstanding under the Note were due and payable on October 5, 2018. Another $150,000 was transferred to TCB on or about October 10, 2018.

15. Meanwhile, on or about September 26, 2018, Fonz and TCB amended the July Promissory Note to extend the maturity date to October 5, 2018.

16. The Defendants failed to make payments on all of the above referenced maturity dates.

17. On or about November 21, 2018, Fonz provided a $540,000 loan to CBB that was to be used to eliminate the burdensome debt under the factoring agreements. The loan was extended under the terms and conditions of a Promissory Note, dated as of November 21, 2018 (the "November Promissory Note"). The November Promissory Note provided that interest

shall be accrued on the unpaid principal balance at the rate of fifteen percent (15%) per annum. The entire principal balance and interest accrued and outstanding under the November Promissory Note were due and payable on December 10, 2018.

18. The November Promissory Note loan was to be used solely for the repayment of (i) debt pursuant to factoring agreements either (A) to which CBB is a party or (B) pursuant to which CBB's assets or its subsidiaries' assets are offered as security and (ii) past due federal or state tax obligations of CBB or its subsidiaries.

19. The performance of CBB's obligations under the November Promissory Note were secured by a first priority security interest in the collateral specified in a Security Agreement, dated as of November 20, 2018, namely all of CBB's assets, including membership interests in its subsidiaries TCB and Maurybakes, except for equity interests in subsidiaries other than TCB and Maurybakes and real property leases applicable to subsidiaries other than TCB and Maurybakes.

20. Rubin, TCB and Maurybakes each guarantied the loan pursuant to a Guaranty, dated as of November 20, 2018 (the "November Guaranty"). The guarantors jointly and severally guaranteed absolutely, unconditionally and irrevocably as primary obligors the full and punctual payments and performance of the obligations under the November Promissory Note.

21. CBB failed to make a payment on the December 10, 2018 maturity date and the following day, Fonz served notices of default and demanded payment from the Defendants.

22. Defendants requested an extension of the maturity date and Plaintiff engaged in good faith negotiations to resolve all outstanding issues with Defendants. After weeks

of negotiations the parties reached a mutually acceptable arrangement an entered into a Note Exchange Agreement, pursuant to which Plaintiff agreed to leave the financing in place for additional four months in exchange for the transfer of certain intellectual property assets which were previously included in the collateral securing the payment of obligations under the November Promissory Note.

23. Under the Note Exchange Agreement, CBB issued a consolidated secured promissory note for the principal amount of $1,167,175, dated as of February 27, 2019 ("February 27 Note"). A security agreement of the same date (the "Security Agreement") granted Plaintiff a security interest in all of CBB's, TCB's and Maurybakes' respective assets (the "Collateral") except for equity interests in CBB's subsidiaries other than TCB and Maurybakes and real property leases applicable to CBB's subsidiaries other than TCB and Maurybakes. Maurybakes and TCB guaranteed the payment of the principal and interest under the February 27 Note (the "Subsidiary Guarantees" and, together with the Security Agreement and the February 27 Note, the "Loan Documents"). The outstanding principal amount under the February 27 Note was to bear interest at 15% per annum and the maturity date was June 13, 2019.

24. Mr. Rubin guaranteed personally the payment of the principal and the interest under the February 27 Note (the "February Rubin Guaranty"). Pursuant to the February Rubin Guaranty, CBB and Rubin jointly and severally guaranteed absolutely, unconditionally and irrevocably as primary obligors the full and punctual payments and performance of the obligations under the February 27 Note.

25. On the new maturity date, the Defendants again failed to make a payment. On the contrary, they demanded from Plaintiff additional loans and made clear that repayment of the February 27 Note will not be forthcoming.

26. Plaintiff served notices of default and subsequently demanded turnover of collateral.

27. In an effort to resolve the outstanding claims, Fonz offered to accept the collateral in full satisfaction of all obligations. However, the Defendants rejected this offer and failed to turnover the collateral.

28. As of the date of this complaint, all principal and interest under the February 27 Note remain due and owing to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract against CBB)

29. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

30. Plaintiff fulfilled all of its obligations under the terms and conditions of the February 27 Note.

31. Defendant CBB breached those terms by failing to repay the outstanding principal and interest on the maturity date.

32. In addition, CBB breached the negative pledge and limitation on indebtedness covenants in the February 27 Note.

33. As of the date of this complaint, defendant CBB continues its default.

34. By reason of the foregoing, Plaintiff has suffered injury and is entitled to damages in an amount to be determined at trial, including the principal, interest and reasonable attorneys' fees for enforcement and collection of Defendant's obligations.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Guaranty against TCB and Maurybakes)**

35. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 34.

36. TCB and Maurybakes guaranteed the performance of CBB's obligations under the terms and conditions of the February 27 Promissory Note.

37. The Subsidiary Guarantors guaranteed as primary obligors pursuant to the terms of the February 27 Guaranty.

38. Despite Plaintiff's demand for payment, the Subsidiary Guarantors have failed to pay.

39. By reason of the foregoing, Plaintiff has suffered injury and is entitled to damages in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Breach of Guaranty against Rubin)**

40. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 39.

41. Defendant Rubin personally and individually executed the February Rubin Guaranty in favor of Plaintiff, in which Rubin personal and individually guaranteed payment of any amounts due under the February 27 Promissory Note.

42. Defendant Rubin is obligated as a primary obligor pursuant to the terms of the February Rubin Guaranty.

43. Defendant Rubin is in breach of the February Rubin Guaranty by failing to pay the amounts due thereunder. Plaintiff has demanded that, pursuant to the written February

Rubin Guaranty, Rubin personally and individually pay to Plaintiff the amounts due under the Note.

44. Despite Plaintiff's demand for payment, Rubin has failed and refused to pay the outstanding amount.

45. By reason of the foregoing, Plaintiff has suffered injury and is entitled to damages in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Foreclosure of Personal Property against CBB, TCB and Maurybakes)**

46. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 44.

47. Pursuant to the terms of the Security Agreement, CBB, TCB and Maurybakes granted to Fonz a security interest in the Collateral, including all goods, inventory, equipment, instruments, documents, accounts, chattel paper, accounts, letters of credit, general intangibles, investment property.

48. Plaintiff has filed required financing statement (UCC1) with the New York Secretary of State.

49. No other action has been instituted and pending on the February 27 Note, February Rubin Guaranty, and Security Agreement.

50. As a result of Defendants' defaults under the February 27 Note, Fonz is entitled to judgment foreclosing its interest in the Collateral by directing the sale of the Collateral and proceeds of the sale to be applied to Defendants' obligations to Fonz as provided in the Loan Documents and applicable law.

**WHEREFORE**, Plaintiff respectfully requests judgment (i) awarding damages in favor of Plaintiff against defendants in an amount to be proven at trial, but in no event less than

$1,125,833.33, together with interest, attorneys fees, costs and disbursements; and (ii) that the interest of Fonz in the Collateral be declared a valid first lien on the Collateral, that the interest of Fonz in such Collateral be foreclosed and sold at one or more foreclosure sales in the manner provided by law, and that the proceeds of the foreclosure sales be applied to the obligations of the Defendants under the Loan Documents, together with any additional amounts that Fonz has incurred or may advance under the terms of the Loan Documents; and (iii) that Fonz be permitted to be a bidder for and purchaser of the Collateral, or any part thereof, and that the successful purchaser(s) at the foreclosure sales be permitted to take immediate possession of the Collateral purchased, and (iv) for such other and further relief as to the Court may seem just and proper.

Dated:   New York, New York
         November 22, 2019

OFFIT KURMAN, P.A.

By: s/Albena Petrakov
    Albena Petrakov

Attorneys for Plaintiff
10 East 40th Street
New York, New York 10016
(212) 545-1900

TO:

THE CITY BAKERY, LLC
3 WEST 18TH STREET
NEW YORK, NY 10011

CITY BAKERY BRANDS, LLC
3 WEST 18TH STREET
NEW YORK, NY 10011

MAURY RUBIN
1 UNIVERSITY PLACE, APT. 21C
NEW YORK, NY 10003